# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**GABRIEL MARTIN ROSS,**
**county jail inmate #309227**                                          **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 1:09-cv-848-LG-RHW**

**HARRISON COUNTY ADULT DETENTION CENTER, et al.**          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

On December 29, 2009, the Plaintiff, an inmate of the Harrison County Adult Detention

Center, Gulfport, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. On January 14,

2010, an Order [8] was entered directing Plaintiff to file a written response on or before February

4, 2010, to provide specific information regarding his claims. Plaintiff was warned in this order

[8] that failure to advise the Court of a change of address or failure to timely comply with any

order of the Court may lead to the dismissal of his case. Plaintiff failed to comply with this

order.

On February 22, 2010, the Court entered an order [9] directing Plaintiff to show cause, on

or before March 15, 2010, why this case should not be dismissed for his failure to comply with

the Court's order [8] of January 14, 2010. The show cause order [9] warned Plaintiff that failure

to advise the Court of a change of address or failure to timely comply with the requirements of

the order would lead to the dismissal of his case, without further notice. Plaintiff failed to

comply with this order.

Plaintiff has failed to comply with two orders and he has not contacted this Court since

January 12, 2010. Therefore, it is apparent from the Plaintiff's failure to communicate with this

Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED. R. CIV. P. 41(b) is proper. Since the Defendants have not been called upon to respond to the Plaintiff's pleading, and have not appeared in this action, and since the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 5th day of April, 2010.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE